[Civ. No. 6655. First Appellate District, Division Two.—April 17, 1929.]

HELEN C. RADDATZ, Special Administratrix, etc., Appellant, v. R. HOLTBY MYERS et al., Executors, etc., Respondents.

E. J. Talbott for Appellant.

Milton Marks for Respondents.

NOURSE, J.—Plaintiff sued in replevin as special administratrix of the estate of George W. H. Patterson, deceased, to recover possession of certain personal property consisting of jewelry, cash and household furniture, which she alleged was in the possession of the defendants as executors of the estate of Jean Patterson, the deceased wife of George W. H. Patterson. Plaintiff also asked for a decree quieting her title, as such adminstratrix, in and to the property. The trial court gave judgment for the defendants and the plaintiff has appealed on a typewritten transcript.

The judgment is affirmed for the following reasons: George W. H. Patterson died testate in April, 1913; his wife, Jean Patterson, survived him twelve years. Upon his death, Jean Patterson and another immediately qualified as joint executrices of his estate. Long prior to the death of George W. H. Patterson, and until her death in 1925, Jean Patterson had in her possession the jewelry in suit, openly wearing it and displaying it as her own. After the death of George W. H. Patterson, Jean Patterson continued to live in the house occupied by them at the time of his death and continued to use the household furniture left in the home. ▇ Some furniture was shown to have been in the possession of Jean Patterson at the time of her death, but no effort was made to identify it as the same furniture which had been left by her husband.

Hence, as to the furniture, there is a total failure of proof on plaintiff's part; as to the cash item, the claim was apparently abandoned as no proof was offered; ▇ as to the jewelry, the trial court invoked the presumption "that

a person is the owner of property from exercising acts of ownership over it, or from common reputation of his ownership'' (Code Civ. Proc., sec. 1963), and that, as the jewelry consisted mainly of articles of female adornment, it might be presumed that the husband gave them to his wife prior to his death. There is no evidence tending to rebut the presumption invoked except the inference that three articles of jewelry listed in the inventory and appraisement in the estate of George W. H. Patterson might have been the same articles which were in Jean Patterson's possession at the time of her death in 1925.

But, aside from the merits of the controversy, the trial court found that plaintiff's cause of action was barred by the statute of limitations. Though the action sounds in replevin, the appellant now argues that it is founded on the trust resulting from Jean Patterson's relation as joint executrix of the estate of her husband. But upon this theory there was a repudiation of the trust as to the only property which was identified in this proceeding and this occurred from twelve to fifteen years before this action was commenced. Upon either theory the lapse of time was far beyond any period of limitation applicable.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 17, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 13, 1929.

All the Justices concurred.